UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Covington Division

|  |  |
|---|---|
| In re:<br><br>  Steven D. Young,<br><br>      Debtor. | Case No. 19-20427<br>Chapter 7 |
| Paul A. Randolph,<br>Acting United States Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>Steven D. Young,<br><br>    Defendant. | Adv. Proc. No. 23-_____ |

**Complaint to Revoke Discharge**
**(11 U.S.C. § 727(d))**

Paul A. Randolph, Acting United States Trustee, represents and alleges

as follows:

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

157 and 1334. This adversary proceeding relates to the bankruptcy case of

Steven D. Young, Case No. 19-20427, pending before this Court.

2.    Venue is proper pursuant to 28 U.S.C. § 1409.

3.     This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(J). The

Plaintiff consents to entry of a final order or judgment by the bankruptcy

court.

4.     Plaintiff Paul A. Randolph is the duly appointed Acting United

States Trustee for Region 8, which includes the Eastern District of Kentucky.

The United States Trustee has standing to prosecute this matter. 11 U.S.C.

§§ 307, 727(c)(1), 727(d)(1).

5.     Defendant Steven D. Young is the Debtor in the above-captioned

case.

6.     The United States Trustee learned of the facts set forth in this

complaint after the Court granted the Debtor a discharge.

7.     This Complaint is timely filed.

   *I.     Case Background – Conversion from Chapter 13 to Chapter 7*

8.     Steven D. Young filed for relief under chapter 13 of the United States

Bankruptcy Code on April 4, 2019 in the United States Bankruptcy Court for

the Eastern District of Kentucky.

9.     The Debtor filed a chapter 13 plan on the same day. ECF No. 2.

10.   The meeting of creditors held pursuant to 11 U.S.C. § 341 in the

chapter 13 proceeding was held on May 9, 2019. At that meeting, the Debtor

stated that his bankruptcy documents are true and correct and included all

his assets and liabilities.

2

11.   On January 21, 2020 the Court confirmed the Debtor's chapter 13 plan. ECF No. 73.

12.   On March 17, 2021, the chapter 13 trustee filed a motion to dismiss case based on the Debtor's failure to make required plan payments. ECF No. 116. As of the filing of the chapter 13 trustee's motion, the Debtor was $3,800, or four months, behind on his plan payments. *Id.*

13.   On October 15, 2021, the chapter 13 trustee filed a Report of Inadequate Plan Payments noting that the Debtor failed to comply with the Court's probation order. ECF No. 122.

14.   In response to the Chapter 13 trustee's motion to dismiss, on October 15, 2021 the Debtor filed a notice of voluntary conversion from chapter 13 to chapter 7. ECF No. 124. L. Craig Kendrick was appointed as the chapter 7 trustee.

15.   The summary of assets and liabilities (Official Form 106Sum) included with the amended schedules I and J the Debtor filed when he converted to chapter 7 includes the same total asset and liabilities as the initial petition. *Cf.* ECF Nos. 1, 127.

16.   The meeting of creditors held pursuant to 11 U.S.C. § 341 in the chapter 7 proceeding was held on November 10, 2021. At that meeting, the Debtor made the following statements while under oath:

a. Affirming that his bankruptcy schedules listed all his assets and liabilities.

b. Trustee Kendrick asked the Debtor if he "transfer[ed] or sold any property while [he] was in the bankruptcy," to which the Debtor answered "No."

c. Trustee Kendrick asked the Debtor if he "purchased any new assets while [he] was in the bankruptcy," to which the Debtor answered "No."

17.   The Debtors filed an amended schedule A/B on November 22, 2021. ECF No. 142. The only addition in the amendment was a potential counter claim related to a personal injury action. *Id.*

18.   The chapter 7 trustee, L. Craig Kendrick, filed a Report of No Distribution on November 17, 2021. The Debtor received a bankruptcy discharge on January 22, 2022. The case was closed on February 10, 2022 at which time the trustee was discharged.

   II.   *The Debtor Concealed Assets from the Chapter 7 Trustee*

19.   The Debtor used at least $21,367 in cash to purchase the following ATV vehicles while in chapter 13:

a. 2019 Polaris Ranger XP 900 purchased for $14,468 on or around January 9, 2021.

      b.  2019 Polaris Sportsman 570 purchased for $6,899 on or around

      January 9, 2021.

20.    There are no liens on the ATV vehicles identified in the preceding

paragraph.

21.    BESO Construction, LLC, a company owned by the Debtor and his

spouse, used $13,509 in the company's cash to purchase the following

firearms for the Debtor's personal benefit and ownership while in chapter 13:

      a.  $4,232 at A1 Gun on May 7, 2020;

      b.  $2,750 at Dryden's Sporting Goods on August 31, 2020;

      c.  $1,787 at Glauber's Sports on October 10, 2019;

      d.  $1,200 at Mark's Guns on July 12, 2019;

      e.  $1,190 at A1 Gun on May 21, 2020;

      f.  $1,000 at A1 Gun on April 30, 2020;

      g.  $760 at Glauber's Sports on October 10, 2019;

      h.  $339 at Triggers Firearms on July 5, 2019; and

      i.  $250 at A1 Gun on May 21, 2020.

22.  As noted above, at the § 341 meeting held on November 10, 2021,

when the case trustee asked the Debtor if he acquired any property during

the chapter 13 case, the Debtor answered "no." This statement is false.

23.  Based on the Debtor's 2019 and 2020 federal income tax return, he is

a 35% owner (with his spouse owning the remaining 65%) of BESO

Construction, LLC. The Debtor's bankruptcy petition lists numerous lawsuits and debts associated with BESO Construction, LLC, but he does not list his ownership interest in BESO Construction, LLC within his petition.

24.   The Debtor's spouse, Rose Young, filed a separate chapter 13 bankruptcy case (19-20461) on April 16, 2019 where she discloses her ownership of BESO Construction, LLC with total assets of $38.62 (with the following description: "hand tools are only assets – minimal value & business account with balance of $38.62").

25.   BESO Construction, LLC's 2019 federal income tax return shows that the company purchased an asset for $61,501 sometime in 2019. Upon information and belief, BESO Construction, LLC purchased a shotcrete machine in cash for approximately $61,501 on or around October of 2019. The Debtor, personally or through a company he owns, either: (1) currently owns the shotcrete machine or (2) transferred the shotcrete machine to an insider during his chapter 13 case.

26.   If the shotcrete machine is owned by BESO Construction, LLC, the shotcrete machine made BESO Construction, LLC solvent, and therefore the Debtor's interest in the LLC had value, as of the date of conversion. The Debtor did not disclose his interest in BESO Construction, LLC to the chapter 7 trustee when he converted to chapter 7.

27.    In the alternative, if the Debtor owned the shotcrete machine in his personal capacity, the Debtor failed to disclose his ownership or transfer of the shotcrete machine to the chapter 7 trustee.

28.    The chapter 7 case trustee can liquidate the undisclosed vehicles, firearms, and LLC interest or machinery identified in *Part II* for the benefit of creditors.

### III.    *The Debtor Concealed Income from the Chapter 13 Trustee and the Internal Revenue Service*

29.    The Debtor's chapter 13 bankruptcy petition lists his monthly income at $5,534, consisting of income from Social Security and the operation of BESO Construction, LLC. ECF No. 1, at 53.

30.    The Debtor's amended schedules I and J filed on October 15, 2021, when the Debtor converted to chapter 7, lists his monthly income at $3,758, consisting of income from Social Security and the operation of BESO Construction, LLC. ECF No. 127, at 6.

31.    Based upon a review of BESO Construction, LLC's bank statements, in 2020 the Debtor withdrew at least $199,394 in cash from the BESO Construction, LLC bank account, including $85,437 on October 15, 2019 and $30,706 on October 10, 2019. These amounts are in addition to transfers from BESO Construction, LLC directly to the Debtor's bank accounts and personal purchase on BESO Construction, LLC debit and credit accounts.

32.     Upon information and belief, most of the cash withdrawals identified in the previous paragraph were used for personal expenses.

33.     Based upon a review of BESO Construction, LLC's bank statements, in 2020 the Debtor withdrew at least $127,776 in cash from the BESO Construction, LLC bank account. These amounts are in addition to transfers from BESO Construction, LLC directly to the Debtor's bank accounts and personal purchase on BESO Construction, LLC debit and credit accounts.

34.     Upon information and belief, most of the cash withdrawals identified in the previous paragraph were used for personal expenses.

35.     The Debtor's actual income in 2019 and 2020 were significantly higher than what the Debtor listed on his Schedules I and J.

36.     BESO Construction, LLC disclosed $40,562 in business income on its 2019 federal income tax return. The 2019 tax return states that the Debtor's withdraws and distributions from BESO Construction, LLC consisted of $14,000 in cash withdrawals.

37.     BESO Construction, LLC disclosed $297 in business income on its 2020 federal income tax return. The tax return states that the Debtor's withdraws and distributions from BESO Construction, LLC consisted of $104 in cash withdrawals.

38.    The Debtor's actual income in 2019 and 2020 were significantly higher than what the Debtor listed on his 2019 and 2020 federal income tax returns.

39.    The Debtor's personal income tax returns do not show any additional sources of income, outside of Social Security and BESO Construction, LLC.

40.    The income listed within the Debtor's 2019 and 2020 federal income tax returns are grossly insufficient to meet his living expenses and chapter 13 obligations.

41.    The Debtor has concealed significant income from the Internal Revenue Service during his chapter 13 case.

42.    The Debtor's concealment of income from the Internal Revenue Service also concealed the Debtor's true income from the chapter 13 trustee when the chapter 13 trustee reviewed the Debtor's tax returns.

43.    Instead of notifying the chapter 13 trustee about his increases in income, and potentially paying additional amounts into his chapter 13 plan, the Debtor concealed his actual income, purchased significant personal assets, and concealed the newly purchased assets when he converted to chapter 7.

IV.    *The Debtor Concealed Property and Income with Fraudulent Intent*

44.    The Debtor concealed property from the chapter 13 trustee and the chapter 7 trustee with fraudulent intent, as illustrated by the following:

9

a.  The Debtor concealed at least the following property from the

chapter 7 trustee at the § 341 meeting of creditors: (1) at least

two ATV vehicles purchase for $21,367; (2) $13,509 in guns; and

(3) either his, or an LLC he owns, interest in a $60,000 shotcrete

machine.

b.  The Debtor concealed his true in income from the chapter 13

trustee, by failing to report significant withdrawals from BESO

Construction, LLC as personal income.

c.  The Debtor concealed his true income from the Internal Revenue

Service, and consequently the chapter 13 trustee when she

reviewed the Debtor's tax returns in the ordinary course, by

failing to disclose significant withdrawals from BESO

Construction, LLC as personal income.

**Count 1: Revocation of Discharge - Fraud (11 U.S.C. § 727(d)(1))**

45.   The Plaintiff incorporates the allegations in paragraphs 1 through 44

by reference.

46.   As outlined above, the Debtor obtained his bankruptcy discharge

through fraud, specifically the concealment of significant assets and income

from the chapter 7 trustee and the chapter 13 trustee.

47.   Plaintiff did not learn of the Debtor's fraud until after the Court

granted a discharge in the above-captioned bankruptcy case.

48.   This complaint is filed less than one year from the date the Court

granted the Debtor a discharge.

**Count 2: Revocation of Discharge – Knowingly and Fraudulently Failing to Report the Acquisition of Property of the Estate to the Trustee (11 U.S.C. § 727(d)(2))**

49.   The Plaintiff incorporates the allegations in paragraphs 1 through 44

by reference.

50.   The Debtor acquired property that was property of the bankruptcy

estate, including (1) at least two ATV vehicles purchase for $21,367; (2)

$13,509 in guns; and (3) either his, or an LLC he owns, interest in a $60,000

shotcrete machine.

51.   The Debtor knowingly and fraudulently failed to report the property

described in the immediately preceding paragraph to the chapter 7 trustee or

the chapter 13 trustee.

52.   During his chapter 13 case, the Debtor's income was significantly

higher than disclosed to the chapter 13 trustee, and that increased income

was property of the bankruptcy estate.

53.   The Debtor knowingly and fraudulently failed to report his true

income described in the immediately preceding paragraph to the chapter 7

trustee or the chapter 13 trustee.

54.   This complaint is filed less than one year from the date the Debtor's

case was closed.

*   *   *

WHEREFORE, the United States Trustee respectfully requests that

judgment be entered against Steven D. Young revoking his discharge.

Dated: January 12, 2023                **Paul A. Randolph**
                                       Acting United States Trustee

                                       By:*/s/ Bradley M. Nerderman*
                                           John L. Daugherty
                                           Assistant U.S. Trustee
                                           Bradley M. Nerderman
                                           Trial Attorney
                                           Office of the U.S. Trustee
                                           100 E. Vine St., Suite 500
                                           Lexington, KY 40507
                                           (859) 233-2822